IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Richard Teece and David Cook,<br><br>                      Plaintiffs,<br>v.<br><br>United States Small Business Loan Administration, Mountain America Federal Credit Union, Woody Woodruff, Brent Pitcher, and Scott Rasmussen,<br><br>                      Defendant. | **REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS (ECF NOS. 2, 6, 12, and 14)**<br><br>Case No. 2:13-CV-854-DAK<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Evelyn J. Furse |

On September 17, 2013, Plaintiffs Richard Teece and David Cook filed their Complaint against the United States Small Business Administration (the "SBA") and the Mountain America Federal Credit Union, Woody Woodruff, Brent Pitcher, and Scott Rasmussen (collectively "the MACU Defendants"). (ECF No. 1.) This action regards a Promissory Note (the "Note") executed between Note History, LLC, and the Mountain American Federal Credit Union. (Promissory Note, ECF No. 10-2.[1]) Mssrs. Teece and Cook agreed to sign the note individually and as managers of Note History, LLC. (*Id*.) On February 3, 2014, the MACU Defendants filed a Motion to Dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which this Court can grant relief. (ECF No. 2.) On March 13, 2014, the SBA filed a Motion to Dismiss under Rule 12(b)(1) and 12(b)(6) based upon sovereign immunity and

---

[1] Mssrs. Teece and Cook attach Exhibit A to their First Amended Complaint as "MACU Claim of Promissory Note." (ECF No. 10-1.) Next they attach Exhibit B as "Copy of Original Promissory Note." (ECF No. 10-2.) Having reviewed both exhibits, the Court finds no relevant difference between the two promissory notes. The Copy appears to have someone's initials on the bottom right hand corner of the first two pages. (ECF No. 10-2 at 2-3.) No party has attributed significance to the initials. For purposes of this opinion no relevant difference exists between the Promissory Note at ECF 10-1 at 3 to 5 and the Promissory Note at ECF 10-2 at 2 to 4.

1

failure to state a claim. (ECF No. 6.) Mssrs. Teece and Cook filed a First Amended Complaint on March 18, 2014. (ECF No. 10.) A plaintiff has a right to amend his complaint as matter of course before the defendant files a responsive pleading. Fed. R. Civ. P. 15(a)(1). "Ordinarily, a motion to dismiss is not deemed a responsive pleading. A motion to dismiss is treated like a responsive pleading when final judgment is entered before plaintiff files an amended complaint." *Cooper v. Shumway,* 780 F.2d 27, 29 (10th Cir. 1985) (internal citations omitted). Because none of the defendants filed a responsive pleading prior to Mssrs. Teece and Cook filing their First Amended Complaint, Mssrs. Teece and Cook acted properly in amending their complaint once as a matter of course. Therefore, the Undersigned RECOMMENDS the District Court find the initial Motions to Dismiss (ECF Nos. 2 and 6) moot.

On April 2, 2014, the SBA filed a second Motion to Dismiss reiterating its position based upon sovereign immunity. (ECF No. 12.) The MACU Defendants filed their second Motion to Dismiss in response to Mssrs. Teece and Cook's First Amended Complaint on April 4, 2014, again moving under Rule 12(b)(6) for failure to state a claim upon which this Court can grant relief. (ECF No. 14.) Mssrs. Teece and Cook did not respond to either Motion to Dismiss following their First Amended Complaint.

The Court,[2] having carefully considered the briefing[3], RECOMMENDS the District Judge dismiss the Complaint without prejudice as to the SBA under Rule 12(b)(1) and 12(b)(6) based upon sovereign immunity and failure to state a claim, and dismiss the Complaint without prejudice as to the MACU Defendants under Rule 12(b)(6) for failure to state a claim.

---

[2] On March 21, 2014, Judge Dale A. Kimball referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF No. 11.)

[3] Pursuant to Civil Rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of written memoranda and finds oral argument unnecessary. *See* DUCivR 7-1(f).

**STANDARD**

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to dismiss brought under Rule 12(b)(6), "a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "'a court must accept as true all of the allegations contained in a complaint,'" this rule does not apply to legal conclusions. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] plaintiff must offer specific factual allegations to support each claim." *Id.* (citation omitted). A complaint survives only if it "states a plausible claim for relief." *Id.* (citation omitted). Mssrs. Teece and Cook proceed *pro se*; therefore, the Court construes their pleadings liberally. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003) (citation omitted).

**DISCUSSION**

**I. The Court must dismiss the Complaint without prejudice as to the SBA on the basis of sovereign immunity, lack of subject matter jurisdiction, and failure to state a claim.**

Congress created the SBA as part of the Small Business Act, 15 U.S.C. § 631-657(f), making it a federal agency. The United States of America thus constitutes the real party in interest. *See* 14 Charles Alan Wright and Arthur R. Miller, Fed. Practice & Procedure § 3655 (3d ed. 2004); *Ghandi v. Police Dep't*, 747 F.2d 338, 342–43 (6th Cir. 1984) (citations omitted) (recognizing United States as real party in interest in cases against federal agencies); *Cortez v. E.E.O.C.*, 585 F. Supp. 2d 1273, 1283–84 (D. N.M. 2007) (citations omitted) (recognizing United States as real party in interest in cases against federal departments or agencies).

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Plaintiffs bringing claims against the

United States or its agencies must therefore "point to a specific waiver of immunity in order to establish jurisdiction." *Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009) (citations omitted); *see also Rodriguez v. FBI*, 876 F. Supp. 706, 709 (E.D. Pa. 1995) ("In cases where the United States is the real party in interest, the doctrine of sovereign immunity applies unless Congress has waived immunity through the passage of a statute authorizing such actions."). Mssrs. Teece and Cook point to no statute that waives sovereign immunity for the claims they allege, nor do they point to any way in which the SBA has otherwise waived its sovereign immunity.

Mssrs. Teece and Cook allege jurisdiction pursuant to 15 U.S.C. § 1601. (Am. Compl. ¶ 8, ECF No. 10.) However, 15 U.S.C. § 1612 states that "[n]o civil or criminal penalty provided under this subchapter for any violation thereof may be imposed upon the United States or any department or agency thereof." 15 U.S.C. § 1612. Notably, the subchapter concerns "Consumer Credit Cost Disclosure," and an SBA loan does not constitute "Consumer Credit." 15 U.S.C. § 1602(i), 1603, 15 U.S.C. § 631-657o. Even if it did, 15 U.S.C. § 1640 describes damages available to individuals under this title and the factors by which a court determines the amount of such an award. However, because 15 U.S.C. § 1640 imposes a penalty ("Congress built in an *automatic civil penalty*, 15 U.S.C. s 1640(a), to encourage private enforcement and remove the need to prove actual damages," *Gallegos v. Stokes*, 593 F.2d 372, 376 (10th Cir. 1979) (emphasis added)), the section does not apply to a government agency pursuant to 15 U.S.C. § 1612, which prohibits a civil penalty under this subchapter against the United States. Therefore, Mssrs. Teece and Cook's citation to 15 U.S.C. § 1601 fails to point to a statute providing this Court with jurisdiction as to the SBA.

4

Even if Mssrs. Teece and Cook could identify a "statute, regulation, or contract that independently creates a substantive right to money damages," *Fleming v. United States*, 413 F. Supp. 2d 503, 505 (E.D. Pa. 2005), jurisdiction would not lie with this Court. "The Tucker Act 'vests exclusive jurisdiction with the Court of Federal Claims for claims against the United States founded upon the Constitution, Acts of Congress, executive regulations, or contracts and seeking amounts greater than $10,000.'" *Normandy Apartments*, 554 F.3d at 1295 (quoting *Burkins v. United States*, 112 F.3d 444, 449 (10th Cir. 1997)). Because Mssrs. Teece and Cook seek over $10,000, jurisdiction would lie exclusively with the United States Court of Federal Claims.[4] *Id.*

Mssrs. Teece and Cook also allege the Court has diversity jurisdiction because the parties are diverse. (Am. Compl. ¶ 20, ECF No. 10.) "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). Diversity jurisdiction does not exist because on the face of the Amended Complaint, and by Mssrs. Teece and Cook's own account, they and some defendants are citizens of Utah—thus the parties do not qualify as completely diverse. (Am. Compl. ¶ 20, ECF No. 10.)

Finally, the Court cannot discern from the Amended Complaint what if anything Mssrs. Teece and Cook allege the SBA has done wrong. To avoid dismissal, a complaint "does not need detailed factual allegations" but must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "[f]actual allegations must be enough to raise a right to

---

[4] Although 28 U.S.C. § 1631 provides that a court that lacks subject-matter jurisdiction may, in the interests of justice, transfer the case to an appropriate court, additional defects in this case make transfer inappropriate.

5

relief above the speculative level." *Id*.  Thus the plaintiff must plead a plausible set of facts upon which a court could grant relief.  Because what Mssrs. Teece and Cook allege the SBA has done wrong remains unclear, they fail to meet *Twombly's* minimum requirements to plead a plausible set of facts upon which this Court could grant relief as to the SBA.

Accordingly, the undersigned RECOMMENDS the District Court find it lacks subject-matter jurisdiction over Mssrs. Teece and Cook's claims against the SBA and dismiss those claims without prejudice.  Alternatively, the District Court can dismiss the claims against the SBA without prejudice for failure to state a claim.

**II.	The Court should dismiss the Complaint without prejudice as to the MACU Defendants under Rule 12(b)(6) for failure to state a claim.**

**A. The Court should dismiss Mssrs. Teece and Cook's first cause of action for "Origination of the loan by conversion" without prejudice for failure to state a claim upon which this Court can grant relief.**

Mssrs. Teece and Cook allege they never received "proof of a bona fide loan" and received checks giving them money "generated from using the Promissory Note as a money equivalent."  (Am. Compl. ¶¶ 72-73, ECF No. 10.)   Mssrs. Teece and Cook allege this method of payment amounted to conversion of funds while admitting they received the funds.  (*Id*. at ¶¶ 74, 28.)  Like the MACU Defendants, the Court does not know exactly what Mssrs. Teece and Cook mean by "money equivalent."  (MACU Mot. to Dismiss 15, ECF No. 14.)  Mssrs. Teece and Cook cite *Harper & Row Publishers v. Nation Enterprises*, 723 F.2d 195, 201 (2nd Cir. 1983), *rev'd on other grounds,* 471 U.S. 539 (1985), for the proposition that they "know and understand how this situation creates conversion of funds."  (Am. Compl. ¶ 74, ECF No. 10.) While the case does discuss conversion, how the MACU Defendants' actions constitute conversion remains unclear; further, the case comes out of the Second Circuit and thus does not bind the Court.

6

Mssrs. Teece and Cook provide no factual basis for their claim of conversion. Because Mssrs. Teece and Cook do not state a factual basis for this claim, the Undersigned Magistrate accordingly RECOMMENDS the District Judge dismiss this cause of action without prejudice under Rule 12(b)(6) for failure to state a claim upon which the Court can grant relief.

> **B. The Court should dismiss Mssrs. Teece and Cook's second cause of action alleging the MACU Defendants improperly refused to accept their personal check without prejudice for failure to state a claim.**

Mssrs. Teece and Cook allege the MACU Defendants had a duty to accept personal checks they tendered and that their payment by personal check suspended the obligation represented by that tender, citing Utah Code § 70A-3-310. (Am. Compl. ¶¶ 81-85, ECF No. 10.) That code section specifically states that an obligation is suspended "*if* a note or uncertified check *is taken for an obligation*." Utah Code § 70A-3-310 (emphasis added). The MACU Defendants did not accept Mssrs. Teece and Cook's check for an obligation and instead returned the check, stating they would only accept a certified funds check. (Am. Compl. ¶ 54, ECF No. 10.) Mssrs. Teece and Cook allege they received no notice of any default on the payment tendered—presumably meaning they received no notice that they had insufficient funds to cover the check—yet they also allege the MACU Defendants failed to process and then returned their check. (Am. Compl. ¶ 57, ECF No. 10.) This latter allegation suggests they received notice that the MACU Defendants had rejected the check without attempting to process it. Therefore, Utah Code § 70A-3-310 does not apply to the alleged facts.

Mssrs. Teece and Cook, citing Utah Code § 70A-3-603, also argue that because they tendered payment, that tender extinguished the obligation as to the amount of payment tendered. (*Id*. at ¶ 83.) Utah Code § 70A-3-603 does allow for tender to extinguish obligations. However, Mssrs. Teece and Cook do not seek extinguishment. Rather, they seek damages for time lost

from work to address the issue and punitive damages. (Am. Compl. ¶ 85, ECF No. 10.) Utah Code § 70A-3-603 does not provide for these types of damages.

Because Mssrs. Teece and Cook do not state a legal basis for their claim, the Undersigned Magistrate accordingly RECOMMENDS the District Judge dismiss this cause of action without prejudice under Rule 12(b)(6) for failure to state a claim upon which the Court can grant relief.

> C. **The Court should dismiss Mssrs. Teece and Cook's third cause of action, alleging the MACU Defendants improperly sold the promissory note and failed to compensate them for that sale, without prejudice for failure to state a claim.**

Mssrs. Teece and Cook also allege the MACU Defendants improperly sold the Note to the SBA and owe Mssrs. Teece and Cook compensation for that sale. Mssrs. Teece and Cook fail to point to any Note provision prohibiting sale of the promissory note, nor does the Court find such a provision. Mssrs. Teece and Cook do not point to any actual sale, instead concluding that because "Mt. America is not the Holder-in-due-course, the Promissory Note must have been sold to Small Business Loan Administration," and alleging because Mssrs. Teece and Cook have determined the MACU Defendants did not pay them for the sale of the Note, the MACU Defendants must have kept funds the SBA gave them for the Note's sale. (Am. Compl. 14, ECF No 10.) Even taking that allegation as true, the MACU Defendants explain that "[t]he Note was guaranteed by the SBA and it was contemplated by the parties that the SBA may become the holder of the Note" (MACU Mot. to Dismiss 17, ECF No. 14), pointing to the "SBA Enforcement" provision of the Note which provides: "**SBA ENFORCEMENT.** The Loan secured by this lien was made under a United States Small Business Administration (SBA) nationwide program which uses tax dollars to assist small business owners." (Promissory Note, ECF No. 10-2 at 3.)

Because Mssrs. Teece and Cook fail to point to any contract provisions prohibiting the Note's "sale" to the SBA or providing for Mssrs. Teece and Cook to receive a payment upon sale of the Note, or to any other law supporting their position, the Undersigned Magistrate accordingly RECOMMENDS the District Judge dismiss this cause of action without prejudice under Rule 12(b)(6) for failure to state a claim upon which the Court can grant relief.

### III. Mssrs. Teece and Cook fail to state a legal basis for their contention that the MACU Defendants were required and failed to deliver monthly statements.

Mssrs. Teece and Cook's claims seem to stem in part from the allegation that the MACU Defendants failed to deliver monthly statements to them in and after September 2008. (Am. Compl. 6, ECF No. 10.) Specifically, Mssrs. Teece and Cook complain the MACU Defendants failed to send them these statements which they needed for their business records following Mr. Teece's August 2008 personal bankruptcy. (*Id.*)[5] The Court notes that Mr. Teece acknowledges he actually did receive the aforementioned statements for the months of September 2011 to April 2012. (*Id.*) Even so, Mssrs. Teece and Cook cite no law saying the MACU Defendants had the obligation to send these monthly statements to Mr. Cook or to Note History, LLC. Accordingly, the Undersigned Magistrate RECOMMENDS the District Judge dismiss without prejudice any claims related to the MACU Defendants halting statement mailings following Mr. Teece's bankruptcy.

---

[5] Mr. Teece filed for personal Chapter 7 Bankruptcy in August 2008. (Am. Compl. 6, ECF No. 10.) The automatic bankruptcy stay imposed by 11 U.S.C. § 362 prohibited the MACU Defendants from continuing to send Mr. Teece statements following his bankruptcy filing. (MACU Mot. to Dismiss 12, ECF No. 14.)

**RECOMMENDATION**

For the reasons set forth above, the undersigned Magistrate Judge RECOMMENDS the District Judge DISMISS the Amended Complaint without prejudice as to the SBA and the MACU Defendants.

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof. *Id.* Failure to object may constitute waiver of objections upon subsequent review.

DATED this 28th day of August, 2014.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge