FILED
U.S. DISTRICT COURT
2014 SEP 25 A 11: 50
DISTRICT OF UTAH
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RICHARD TEECE and DAVID COOK,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES SMALL BUSINESS LOAN ADMINISTRATION, MOUNTAIN AMERICA FEDERAL CREDIT UNION, WOODY WOODRUFF, BRENT PITCHER, and SCOTT RASMUSSEN,<br><br>Defendants. | ORDER ADOPTING REPORT AND RECOMMENDATION<br>AND<br>DENYING PLAINTIFFS' MOTION TO IMPLEAD AND TO FILE SECOND AMENDED COMPLAINT<br><br>Case No. 2:13CV854 DAK-EJF |

This matter is before the court on the Magistrate Judge's Report and Recommendation, filed on August 29, 2014, and also on Plaintiffs' Motion to Implead and Plaintiffs' Motion to Submit Second Amended Complaint.[1] The court will address each of these in turn.

I. REPORT AND RECOMMENDATION

On August 29, 2014, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the court (1) find the initial motions to dismiss moot because of Plaintiffs' filing of an Amended Complaint; (2) dismiss the Complaint without prejudice as to the SBA under Rule 12(b)(1) and 12(b)(6), based upon sovereign immunity and failure to state a

---

[1] *See* Docket Nos. 22 (Report and Recommendation), 18 (Motion to Implead), and 20 (Motion to Submit Second Amended Complaint).

claim; and (3) dismiss the Complaint without prejudice as to the MACU Defendants under Rule 12(b)(6) for failure to state a claim. Plaintiffs timely filed Objections to the R & R.[2]

A Magistrate Judge's Report and Recommendation is subject to *de novo* review by this court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Fed. R. Civ. P. 72(b). The court has therefore reviewed the entire record *de novo,* including the (1) Answer to Report and Recommendations,[3] (2) Answer to Defendant Rupp's Answer By Memorandum to Motion to Submit a Second Amended Complaint, [4] (3) Answer to SBA Motion to Dismiss,[5] (4) Answer to Defendant Rupp's Memorandum in Opposition to Plaintiffs' Motion to Implead,[6] (5) Answer to Mountain America Federal Credit Union et al. Motion to Dismiss,[7] and (6) Answer to Report and Recommendations.[8]

---

[2] *See* Docket Nos. 23 & 30.

[3] Docket No. 23. While this filing is difficult to decipher, it appears that Mr. Teece requests that he be given until September 19, 2014 to file an Objection to the R & R. Mr. Teece then filed his Objection on September 19, 2014, *see* Docket No. 30, and thus the court will consider his Objection.

[4] Docket No. 24. The court construes this "Answer" as a reply memorandum regarding Plaintiff's Motion to File a Second Amended Complaint. The memorandum was not timely filed, but the court has nevertheless considered it.

[5] Docket No. 27. This "Answer" is apparently a response to the SBA's Motion to Dismiss, which was one of the motions at issue in the R&R. Plaintiff's response is filed five months after the SBA filed its motion and after the Magistrate Judge addressed the motion. The court, however, has considered the response.

[6] Docket No. 28. The court construes this "Answer" as a reply memorandum regarding Plaintiff's Motion to Implead. The memorandum was not timely filed, but the court has nevertheless considered it.

[7] Docket No. 29. .This "Answer" is apparently a response to the MACU Defendants' Motion to Dismiss, which was one of the motions at issue in the R&R. Plaintiff's response is

2

Having considered the entire record, the court affirms and adopts the R & R. Accordingly, the court finds that the initial motions to dismiss are moot because of Plaintiffs' filing of an Amended Complaint. In addition, the court dismisses the Amended Complaint without prejudice as to the SBA under Rule 12(b)(1) and 12(b)(6), based upon sovereign immunity and failure to state a claim and dismisses the Amended Complaint without prejudice as to the MACU Defendants under Rule 12(b)(6) for failure to state a claim.

But adoption of the R & R does not end the discussion. On July 10, 2014, Plaintiffs filed a Motion to Implead, and on August 7, 2014, they filed a Motion to Submit a Second Amended Complaint. Thus, the court will consider those motions.

## II. MOTION TO IMPLEAD

The instant motion appears to be a request to add as Defendants the law firm that represents the current Defendants, along with adding many individual attorneys who work for the law firm. Plaintiffs claim, among other unmeritorious assertions, that this law firm has failed to advise the Defendants of their culpability, failed to respond, and failed to work as a team. Plaintiffs purport to rely on Rule 14(a) of the Federal Rules of Civil Procedure.

Plaintiffs, however, have failed to state any claim against the law firm or individuals they seek to join. Plaintiffs appear to believe that the law firm and its attorneys owe some duty to

---

filed five months after the MACU Defendants filed their motion and after the Magistrate Judge addressed the motion. The court, however, has considered the response.

[8] Docket No. 30.

3

Plaintiffs, but Plaintiffs are simply wrong. Moreover, Plaintiffs have not established that the court has subject matter jurisdiction over any purported claims. The law does not permit plaintiffs to join defendants to a lawsuit when there is no legal basis for doing so. Accordingly, the "Motion to Implead" is denied.

### III. MOTION TO SUBMIT SECOND AMENDED COMPLAINT

In this case, Plaintiffs filed an Amended Complaint after Defendants filed their respective Motions to Dismiss.[9] After Plaintiffs filed the Amended Complaint on March 18, 2014, Defendants again moved for dismissal.[10] Plaintiffs responded by attempting to file a Second Amended Complaint. On July 9, 2014, however, the court returned the Second Amended Complaint to Plaintiffs because the had failed to obtain leave of court. On August 7, 2014, Plaintiffs filed the instant Motion to Submit Second Amended Complaint. Plaintiffs did not attach their proposed Second Amended Complaint to their motion, as required.[11] On September 16, 2014, Plaintiffs attached their proposed Second Amended Complaint as an exhibit to their "Answer to Defendant Rupp's Answer by Memorandum to Motion to Submit a Second Amended

---

[9] Docket Nos., 2, 6, and 10. The court notes that Plaintiffs' Amended Complaint was not timely filed with regard to the MACU Defendants' First Motion to Dismiss. Under Rule 15 of the Federal Rules of Civil Procedure, plaintiffs may file an amended complaint without leave of court twenty-one (21) days after a motion to dismiss is filed. Here, Plaintiffs' Amended Complaint was filed more than forty (40) days after the MACU Defendants' motion was filed. The court, however, will deem the Amended Complaint to be timely filed.

[10] Docket Nos. 12, 14.

[11] See DUCiv R 15-1.

4

Complaint By Plaintiffs By Affidavit." [12] The court has reviewed the proposed Second Amended Complaint in ruling on this motion.

Rule 15(a)(2) of the Federal Rules of Civil Procedure allows amendment of a complaint when justice so requires. A motion to amend shall be denied, however, if amending the complaint would be futile. *See Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) (stating that "[a]lthough Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile."). A proposed amended complaint would be futile "if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty*, 175 F.3d at 859.

Here, the court finds that it would be futile to allow the filing of the proposed Second Amended Complaint. Not only is the 178-page Complaint very difficult to understand, but it does not remedy the many legal problems that were pointed out by the Magistrate Judge in the R&R addressing the Defendants' Motions to Dismiss. The court cannot identify a plausible theory under which Plaintiffs could recover against Defendants. Moreover, Plaintiffs have not addressed the basis for this court's jurisdiction or how Mr. Teece has standing to bring any claims against MACU after he filed for Chapter 7 bankruptcy.

Finally, Richard Teece, as a layperson, may not represent the legal claims of David Cook. While Mr. Teece listed Mr. Cook as a Plaintiff when Mr. Teece filed the initial Complaint, Mr.

---

[12] *See* Docket No. 25, Ex. B.

5

Cook did not even sign the initial "Complaint and Affidavit."[13] When Mr. Teece filed the First Amended Complaint, he did not list Mr. Cook as a Plaintiff in the caption, although Mr. Teece appears assert claims on behalf of Mr. Cook,[14] and Mr. Cook signed the Amended Complaint.[15] Mr. Teece claims to be an "Attorney-in-fact," and he has listed this title on all documents filed with the court. But Mr. Teece is not a licensed attorney. It is clear that "a non-attorney is not permitted to represent any other person ... in federal court." *Watson v. Global Energy Technologies, Inc.*, 2011 WL 1427970 (D. Utah April 13, 2011) (*citing Arson v. My Investing Place*, 2009 U.S. Dist. Lexis 119506, at *4 (D. Utah Dec. 23, 2009) (citations omitted); *Lundahl v. Quinn*, 2003 UT 11, ¶¶ 6-7, 67 P.3d 1000 (discussing prohibition of pro se litigant "to represent the legal interests of other persons"). Accordingly, the claims of Mr. Cook are not properly before the court in any event and are therefore dismissed. Mr. Teece is admonished that he may not represent the legal interests of any other person or entity.

## CONCLUSION

For the foregoing reasons, the court hereby APPROVES and ADOPTS the Magistrate Judge's Report and Recommendation [Docket No. 22]. Accordingly, the Motion to Dismiss filed by defendants Mountain America Federal Credit Union, Wendell "Woody" Woodruff, Brent Pitcher, and Scott Rasmussen [Docket No. 2] is MOOT; the Motion to Dismiss filed by the Small Business Administration [Docket NO. 6] is MOOT; the Motion to Dismiss Amended Complaint

---

[13] See Docket No. 1 at 13.

[14] See Docket No. 10 at 1, 4

[15] Docket No. 10 at 15.

filed by the Small Business Administration [Docket No. 12] is GRANTED; and the Motion to Dismiss Amended Complaint filed by Mountain America Federal Credit Union, Wendell "Woody" Woodruff, Brent Pitcher, and Scott Rasmussen [Docket No. 13] is GRANTED. In addition, Mr. Teece's Motion to Implead [Docket NO. 18] is DENIED, and his Motion to Submit a Second Amended Complaint [Docket No. 20] is DENIED as futile. The Clerk of Court is directed to Close this case.

DATED this 24th day of September, 2014.

BY THE COURT:

DALE A. KIMBALL
United States District Judge